Frederick Backer, J.
Petitioner moves by this article 78 proceeding for an order reviewing and annulling the determination of respondent and its suspension of petitioner’s license thereunder. Petitioner is a licensed detective agency subject to regulation by the respondent. Petitioner, by an officer thereof and two other employees, conducted a raid on the apartment of one Norma Dunier on the morning of August 16, 1964, at about 6:00 a.m., for the purpose of obtaining evidence to be used in a divorce action between a Mrs. Steinberg and her husband, Mr. Steinberg.
It appears that Mr. Steinberg was in Mrs. Dunier’s apartment at the time of the raid. The private detectives, by the ruse of delivering a telegram, induced Mrs. Dunier to open the door of her apartment. As she bent over to pick up the alleged telegram, six people, three of them employees of the petitioner and three others, broke into the apartment by breaking the chain lock that was on the inside of the door and forced their way into the apartment without asking to be permitted entry and without invitation therein. Once in the apartment, the record of the proceeding before the respondent establishes that there *307 was much commotion, pushing and shoving and assaults on the person of Mrs. Dunier by the investigators, the taking of pictures by one of the investigators and, in general, outrageous conduct which disturbed Mrs. Dunier and her peaceful possession of her apartment. Also, about $50 worth of perfume bottles were broken by the private investigators. Mrs. Dunier lodged and filed a complaint against the petitioner claiming an invasion of her rights of privacy and an unlawful search of her apartment. The record also discloses that the invasion and acts of the private investigators in the apartment took place over a period of 40 minutes.
A hearing was held at the office of the Department of State at which time both petitioner and the complainant were represented by counsel. The hearing officer found, on the basis of all the evidence adduced before him, that the uninvited entry by the petitioner’s three operatives into the apartment constituted an unreasonable search and seizure in violation of section 8 of the Civil Eights Law of the State of New York, and that petitioner was guilty of misconduct as a result thereof, and by reason of the foregoing and pursuant to section 79 of the General Business Law the license of petitioner was suspended for two months.
By this article 78 proceeding, it is petitioner’s contention that section 8 of the Civil Eights Law of the State of New York applies only to police officers and not to private investigators and that the penalty imposed was too severe. At the present time there is a stay still pending of the two-month suspension.
A study of section 8 of the Civil Rights Law discloses that it makes no distinction between police officers and private individuals. In People v. Defore (242 N. Y. 13), Judge Cardozo, speaking for the court, said (pp. 21-22): “We find nothing in the statute (Civil Rights Law, § 8) whereby official trespasses and private are differentiated in respect of the legal consequence to follow them. All that the statute does is to place the two on an equality.”
In Sackler v. Sackler (33 Misc 2d 600), a case involving a raid by private investigators, the court, in citing People v. Defore (supra) held that section 8 of the Civil Rights Law applied both to government officials and private persons, and even though the court was reversed (16 A D 2d 423), the Appellate Division did not disturb this finding that a divorce raid executed by the husband was an unreasonable search and seizure in violation of section 8 of the Civil Rights Law.
Upon the record herein presented, it is manifest that the conduct of petitioner’s private investigators, in illegally and *308 forceably breaking into the apartment of Mrs. Dunier, by breaking the chain lock and without her consent and without her invitation, constituted a violation of section 8 of the Civil Eights Law of the State of New York.
Upon this record, it cannot be said that the determination of the respondent was illegal, arbitrary or capricious as a matter of law or of fact. In the circumstances, it cannot be said that the suspension imposed was too severe. There being ample warrant in the record for the determination made, this court will not substitute its judgment or discretion for that of the respondent.
Accordingly, the application is denied and the petition is dismissed. Stay vacated.