■ In the Matter of AGENCY FOR INVESTIGATION AND DETECTION, INC., Appellant, v. DEPARTMENT OF STATE OF THE STATE OF NEW YORK, Respondent.— Judgment dismissing article 78 proceeding affirmed, with $50 costs and disbursements to respondent. The petitioner, the holder of a private investigator's license, and its agents, in the course of a raid to obtain evidence in a divorce case, acted in a shocking and most callous disregard of law and the rights of individuals. There was evidence that the entry into the private apartment was obtained by breaking a chain lock, and that, then, the raiding party, including the employees of the licensee, pushed, shoved and committed acts amounting

to assaults upon the persons of the occupants of the apartment; and, further, that bottles containing about $50 worth of perfume were broken by the intruders. In view of the outrageous conduct of the investigators and the general lawlessness of their acts, the penalty of a two months' suspension is not " so disproportionate to the offense * * * as to be shocking to one's sense of fairness" and, thus, to warrant an interference with the discretion reposed · in the respondent. (See CPLR 7803, subd. 3; *Matter of Stolz* v. *Board of Regents,* 4 A D 2d 361, 364; *Matter of McGinnis' Rest.* v. *Rohan,* 6 A D 2d 115, affd. 6 N Y 2d 770; *Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37.) Concur — Breitel, J. P., Stevens and Eager, JJ.; McNally and Steuer, JJ., dissent in part in the following memorandum by McNally, J.: I dissent, in part. This appears to be a case of first impression. Petitioner relied on the opinion of the Attorney-General (1928 Atty. Gen. 155, 156). The fact that the raid of the complainant's apartment disclosed evidence against the male occupant should not serve to aggravate the punishment. The conduct complained of would warrant disciplinary action and should be discouraged. However, in view of the fact that it has been indulged in for a long time without any regulatory action, the change in policy should be accompanied by understanding. A warning or a modest fine would be appropriate. A two-month suspension may be a *de facto* revocation of petitioner's license because of the financial hardship and the inability to fulfill outstanding commitments. In the circumstances the punishment is excessive. We should exercise our power to reduce the penalty now and avoid circumlocution. (*Matter of Mitthauer* v. *Patterson,* 8 N Y 2d 37, 42.) [47 Misc 2d 306.]